```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

FRITZ ST. ANGE                    :
                                  :
v.                                :    CASE NO. 3:10cv79(WWE)
                                  :
ASML, INC. and RICK THAYER        :
                                  :
```

RECOMMENDED RULING

Plaintiff, Fritz St. Ange, a resident of Bridgeport, CT, brings this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. The civil rights complaint filed by plaintiff does not allege that he has received a release of jurisdiction from the EEOC. Accordingly, this Court does not have proper jurisdiction over plaintiff's claims and this complaint should be dismissed.

Standard of Review

Plaintiff has met the requirements of 28 U.S.C. § 1915(a) and has been granted leave to proceed in forma pauperis in this action. When the court grants in forma pauperis status, section 1915 requires the court to conduct an initial screening of the complaint to ensure that the case goes forward only if it meets certain requirements. "[T]he court shall dismiss the case at any time if the court determines that…the action…is frivolous or malicious;…fails to state a claim on which relief may be granted; or…seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

> An action is "frivolous" when either:
> (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" <u>Nance v. Kelly</u>, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). A claim is based on an "indisputably meritless legal theory" when either the claim lacks an arguable basis in law, <u>Benitez v. Wolff</u>, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam), or a dispositive defense clearly exists on the face of the complaint. <u>See</u> <u>Pino v. Ryan</u>, 49 F.3d 51, 53 (2d Cir. 1995).

<u>Livingston v. Adirondack Beverage Co.</u>, 141 F.3d 434, 437 (2d Cir. 1998). The court construes <u>pro se</u> complaints liberally. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Thus, "when an <u>in forma pauperis</u> plaintiff raises a cognizable claim, his complaint may not be dismissed sua sponte for frivolousness under § 1915(e)(2)(B)(i) even if the complaint fails to 'flesh out all the required details.'" <u>Livingston</u>, 141 F.3d at 437 (quoting <u>Benitez</u>, 907 F.2d at 1295). The court exercises caution in dismissing a case under section 1915(e) because a claim that the court perceives as likely to be unsuccessful is not necessarily frivolous. <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 329 (1989). In addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim," the court should permit "a <u>pro se</u> plaintiff who is proceeding <u>in forma pauperis</u>" to file an amended complaint

that states a claim upon which relief may be granted. <u>Gomez v. USAA Federal Savings Bank</u>, 171 F. 3d 794, 796 (2d Cir. 1999).

## Discussion

In the instant case, plaintiff claims that he was subjected to a hostile work environment in violation of Title VII.

In order for a claimant to bring a Title VII action in the District Court, the claimant must meet two requirements: (1) the claimant must timely file his claim with the EEOC, and (2) he must timely institute his action after receipt of a right-to-sue notice. <u>See</u> 42 U.S.C. § 2000e-5(f)(1); <u>Alexander v. Gardner-Denver Co.</u>, 415 U.S. 36, 47 (1974) (prerequisite to suit under Title VII includes EEOC right to sue letter); <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 798 (1973)(prerequisite to suit under Title VII includes EEOC right to sue letter); <u>Austin v. Ford Models, Inc.</u>, 149 F. 3d 148, 155 (2d Cir. 1998)(claimant must file with EEOC and obtain right to sue letter); <u>Criales v. American Airlines, Inc.</u>, 105 F.3d 93, 95 (2d Cir. 1997)("the prerequisites for a suit under Title VII include a timely filed ... charge [to the EEOC] and timely institution of the suit after receipt of a right-to-sue- notice"); <u>Holt v. KMI-Continental, Inc.</u>, 95 F.3d 123, 127 (2d Cir. 1996)("[o]nce a claimant has received a right to sue letter from the EEOC, suit must be filed within ninety days").

Despite the mandate to proceed with caution and leniency when considering whether to dismiss a case under section 1915(e), this

case should be dismissed as the plaintiff has not received a "right-to-sue" letter from the EEOC, as required by 42 U.S.C § 2000e-5(f)(1).  See 28 U.S.C. § 1915 (e)(2)(B)(I).

CONCLUSION

The Complaint is **DISMISSED**.  See 28 U.S.C. § 1915(e)(2)(i). Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days of the receipt of this order.  Failure to object with fourteen (14) days may preclude appellate review.  See 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 72.2 of the Local Rules for United States Magistrate Judges; Small v. Secretary of H.H.S., 892 F. 2d 15 (2d Cir. 1989)(per curiam); F.D.I.C. v. Hillcrest Assoc., 66 F. 3d 566, 569 (2d Cir. 1995)

ENTERED at Bridgeport, this 18 day of march ~~February~~ 2010.

/s/ Holly B. Fitzsimmons, USMJ
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE