UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRITZ ST. ANGE,<br>　　　Plaintiff, | :<br>:<br>: |
| v. | : 　3:10-cv-79 (WWE) |
| ASML, INC. and RICK THAYER,<br>　　　Defendants. | :<br>:<br>: |

**RULING ON PLAINTIFF'S MOTION FOR EXTENSION
OF TIME AND MOTION TO AMEND COMPLAINT**

Plaintiff Fritz St. Ange brings this action in forma pauperis asserting two claims that defendants ASML, Inc. and Rick Thayer violated his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Now pending before the Court are (1) plaintiff's motion for extension of time to respond to Magistrate Judge Holly Fitzsimmons' ruling recommending dismissal of this action (Doc. #7) and (2) plaintiff's motion to amend the complaint (Doc. #9). For the reasons that follow, Magistrate Judge Fitzsimmons' ruling will be adopted, plaintiff's motion for extension of time will be granted and plaintiff's motion to amend the complaint will be granted.

Magistrate Judge Fitzsimmons recommended dismissal of this action without prejudice because plaintiff had not asserted in his complaint that he had received a right-to-sue letter from the Equal Employment Opportunity Commission.

A plaintiff claiming employment discrimination pursuant to Title VII must pursue administrative procedures pursuant to certain deadlines before commencing a lawsuit. Fitzgerald v. Henderson, 251 F.3d 345, 359-360 (2d Cir. 2001). Exhaustion of the administrative remedies and receipt of a right-to-sue letter are preconditions to a Title

1

VII claim.  Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001).  The exhaustion requirement exists to afford the administrative agency the opportunity to investigate, mediate, and take remedial action.  Stewart v. United States Immigration and Naturalization Service, 762 F.2d 193, 198 (2d Cir. 1985).

Magistrate Judge Fitzsimmons' ruling was signed on March 18, 2010.  A party has fourteen days to file an objection to a recommended ruling, and such deadline was April 1, 2010.  See 28 U.S.C. § 636(b)(1).  The ruling, however, was not docketed until April 1, 2010, and plaintiff did not have a chance to respond to the recommended ruling prior to the objection deadline.  The Court will therefore grant plaintiff an extension of time until April 9, 2010 nunc pro tunc to April 1, 2010 to file his motion to amend the complaint.[1]  The Court will grant the extension of time to preserve plaintiff's right to amend his complaint.

Plaintiff has filed a motion to amend the complaint to assert that he has received a right-to-sue letter from the EEOC and has attached such letter to the proposed amended complaint.  A "party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a).  Leave to amend a complaint shall be freely given when justice so requires, and if the plaintiff has at least colorable grounds for relief, justice does so require unless plaintiff is guilty of undue

---

[1] In the motion for extension of time, counsel indicated that there is "no requirement in the Practices and Procedure Manual that counsel inform himself of activity by checking the Pacer data base (although probably a good idea and the undersigned has put this into practice as of today)."  Counsel is reminded that attorneys "have a duty to be aware of entries on the docket of their client's cases and are on constructive notice of such entries." Lapico v. Portfolio Recovery Assocs., LLC, 2008 U.S. Dist. LEXIS 29306, *7 (D. Conn. Apr. 11, 2008).

delay or bad faith or unless permission to amend would unduly prejudice the opposing party. S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Building 1 Hous. Dev. Fund Co., Inc., 608 F.2d 28, 42 (2d Cir. 1979). Lack of diligence, futility and prejudice are among the good reasons to deny leave to amend. Chill v. Gen. Elec. Co., 101 F.3d 263, 271 (2d Cir. 1996). Leave to amend is appropriate in this case and will be granted.[2]

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Magistrate Judge Fitzsimmons' recommended ruling (Doc. #6), GRANTS plaintiff's motion for extension of time until April 9, 2010 nunc pro tunc to April 1, 2010 to file an objection to the recommended ruling (Doc. #7) and GRANTS plaintiff's motion to amend his complaint (Doc. #9). Plaintiff is instructed to file his amended complaint within seven days of the filing of this ruling.

Dated at Bridgeport, Connecticut, this 12th day of April , 2010.

        /s/
Warren W. Eginton
Senior United States District Judge

---

[2] The amended complaint should obviate the need for plaintiff to file an objection to the recommended ruling.