```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

                                 :
FRITZ ST. ANGE                   :
                                 :
                                 :
v.                               :   CIV. NO. 3:10CV79(WWE)
                                 :
ASML, INC. AND RICK THAYER       :
                                 :
                                 :
                                 :
```

### RULING ON DEFENDANTS' MOTION TO STRIKE WITNESS [DOC. #86]

The defendants ASML, Inc. and Rick Thayer have moved to strike [doc. #86] plaintiff's late disclosure of witness, Juliette Nolta, Esq., plaintiff's worker's compensation attorney. Defendants argue that the disclosure was untimely, as it came after the period for disclosures and discovery had ended, and that permitting her testimony would prejudice defendants who were unable to conduct any rebuttal discovery, including deposing the disclosed witness.  Plaintiff Fritz St. Ange objects to the defendants' motion to strike, arguing that the disclosure was not untimely, that any claimed untimeliness was justified, and that the disclosure does not prejudice defendants. For the reasons that follow, the defendants' motion to strike [doc. #86] Juliette Nolta as a witness is **DENIED**.

Background

Discovery in this case closed on May 5, 2011 after numerous extensions of time, which were granted in order to permit plaintiff's new counsel to come up to speed. The Court made one exception to this schedule, granting the parties leave until June 3, 2011 to take the deposition of Sandra May and obtain documents from Crum & Forster. In addition, plaintiff was ordered to provide defendants with his supplemental disclosure of witnesses by May 23, 2011.[1] On August 1, 2011, over two months late, plaintiff disclosed his witnesses, which included the plaintiff, Steven Weisman, Shannon Hildreth, Sandra May, Kenneth Patenaude, Frans van Lierop and Juliette Nolta. Defendants move to strike only Attorney Nolta, arguing that, unlike the other witnesses identified, Nolta was never even informally identified by plaintiff in the complaint or in any of the discovery responses. Therefore, defendants had no notice of plaintiff's intent to use her as a witness and no opportunity to cross-examine her before the close of discovery.

Plaintiff's disclosure of Juliette Nolta, states:

Ms. Nolta has been Fritz St. Ange's workers' compensation

---

[1] Plaintiff argues that an informal agreement between counsel allowed the deposition of Sandra May to take place on June 30, 2011, and therefore discovery actually closed on June 30, 2011. The close of discovery by the Court's calendar was May 5, 2011 but for Ms. May's deposition, irrespective of any informal agreements.

lawyer since around 2007/2008. She is expected to provide testimony relating to her dealings and conversations with Claims Examiner Sandra May of Matrix in efforts to secure light duty work at ASML for Mr. St. Ange, and her dealings and conversations with ASML employees and representatives in efforts to secure light duty work at ASML for Mr. St. Ange. Ms. Nolta may also be called upon to explain the significance of events occurring before the Connecticut Workers' Compensation Commission.

Plaintiff's counsel counters that he did not realize that Attorney Nolta might have discoverable information until after Sandra May's deposition and only after he was able to read the transcript of the deposition, in which May identified Matrix's (the worker's compensation carrier) lawyers as the source for her belief that plaintiff may have professed a desire to be permitted to return to light duty work, a non-critical[2] issue in this case.

Defendants argue that striking is warranted pursuant to Federal Rule of Civil Procedure 37(c) where the late disclosure was not substantially justified and is not harmless.

Discussion

Rule 37(c) states, in relevant part:

If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

---

[2] Plaintiff concedes in his objection that this issue is not critical to his case or dispositive of any critical issue but likely corroborative of his position that he did request light work.

3

Fed.R.Civ.P. 37(c).

There is no dispute that the plaintiff failed to disclose Attorney Nolta within the time ordered by the court, as required by Rule 26(e)(1)(2). However, in the Second Circuit, preclusion under Rule 37(c) is not mandatory. See Design Strategy, Inc. v. Davis, 469 F.3d 284, 297 (2d Cir. 2006) (district court erred in its determination that "preclusion is mandatory" under Rule 37(c)(1)). The Court "has wide discretion to impose sanctions ... under Fed.R.Civ.P. 37" and, in making its determination under Rule 37(c), must determine whether the failure to disclose was substantially justified or is harmless. Id. at 294 (2d Cir. 2006).

With regard to the first prong, the Court finds that the untimely disclosure was not substantially justified for two reasons. First, the arguable relevance of this witness, plaintiff's worker's compensation attorney in 2007 and 2008, could and/or should have been noted at the outset of the case in light of the worker's compensation component in this case. Second, plaintiff's counsel, although learning of the existence of the worker's compensation lawyer at Sandra May's deposition for the first time on June 30, 2011, didn't make the connection until sometime in mid to late July 2011 when he reviewed the deposition transcript and didn't disclose the witness until the first of August. Both parties were given generous time to conduct discovery and develop their theories of the case and adduce the

4

necessary evidence; plaintiff's failure to disclose Juliette Nolta was not substantially justified.

As to the second prong, plaintiff's untimely disclosure would be harmless, if the Court were to permit defendants to conduct the necessary discovery. Here, the prejudice identified by defendants is their inability to conduct cross-discovery of Ms. Nolta. Although this case was filed January of 2010 and discovery has closed, the case has not been scheduled for trial and dispositive motions are pending. This is not a case where the witnesses are disclosed on the eve of trial. Cf. Patterson v. Balsamico, 440 F.3d 104 (2d Cir. 2006) (affirming the district court's exclusion of the testimony of four witnesses identified ten days before trial, where the issue on review was whether the trial should have been continued, but all parties agreed that permitting the surprise witnesses would cause plaintiff prejudice.). As such, exercising its discretion the Court finds that plaintiff's late disclosure will be rendered harmless if the Court permits defendants to depose Juliette Nolta and conduct rebuttal discovery so as to remedy any prejudice, without substantially delaying the case.

Any additional discovery by defendants shall be completed within 21 days of this ruling. Defendants shall be permitted to supplement their motion for summary judgment if the additional discovery reveals any evidence material to the dispositive

motion. Any supplemental brief shall be filed within 10 days of Attorney Nolta's deposition. Also, to ensure that defendants are not prejudiced in any way, the Court will allow defendants to add to their list any witnesses or evidence necessary to rebut Juliette Nolta's testimony.

Finally, the Court does not overlook the fact that plaintiff untimely disclosed all of his witnesses in violation of this Court's orders. As such, the plaintiff will not be permitted to (1) conduct any additional discovery, (2) add any new witnesses, and (3) respond to any supplemental briefing to the motion for summary judgment without leave of court.

This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 16th day of February 2012.

                                                                          /s/
                                        HOLLY B. FITZSIMMONS
                            UNITED STATES MAGISTRATE JUDGE