UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRITZ ST. ANGE,                :
    Plaintiff,              :
                               :
v.                             :    3:10-cv-00079-WWE
                               :
ASML, INC.                     :
    Defendant.              :

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR NEW TRIAL**

At trial, plaintiff Fritz St. Ange asserted claims of (1) retaliation for protesting his work environment pursuant to 42 U.S.C. § 1981, and (2) retaliation for filing for workers' compensation pursuant to C.G.S. § 31-290a.  The jury returned a verdict for defendant ASML on both counts.  Plaintiff has moved for a new trial on his Section 1981 claim.  For the following reasons, plaintiff's motion will be granted.

The Court instructed the jury that to prevail on his Section 1981 retaliation claim, plaintiff must prove by a preponderance of the evidence that *but-for* his protected activity, defendant would not have taken adverse action against him.

Plaintiff argues that the Court erred in instructing the jury under a but-for standard when a lower burden mixed-motive or pretext instruction was appropriate.  The Court agrees.

Defendant argues that but-for causation is the proper standard for a Section 1981 claim, following the Supreme Court's decision in University of Texas Southwestern Medical Center v. Nassar, 133 S.Ct. 2517 (2013).  Alternatively, defendant contends that the jury would have likely returned a defense verdict regardless of the standard, as it found for defendant on plaintiff's workers' compensation claim, which used a mixed-motive standard.

Nassar cannot properly be used as a basis for applying the but-for standard to Section

1981 retaliation claims when Nassar, to demonstrate that but-for cause was appropriate there, explicitly distinguished such claims from the Title VII claims it was analyzing.  See 133 S.Ct. 2529-34.  To demonstrate that Title VII retaliation claims should be subject to a but-for cause standard, the Supreme Court held that, "[u]nlike Title IX, § 1981, § 1982, and the federal-sector provisions of the ADEA, Title VII is a detailed statutory scheme."  Id. at 2530.  In contrast, Section 1981 claims should be analyzed under the "default rules that apply only when Congress writes a broad and undifferentiated statute."  Id. at 2541.

In this district, the default rule for § 1981 retaliation claims is a mixed-motive theory of liability.  Indeed:

> Congress applied the amendments only to Title VII; if Congress had also intended to apply them to § 1981 or other discrimination laws more generally, Congress should have said so. That it did not say so speaks volumes. . . . [T]his Court is still bound by Second Circuit precedent, which holds that Price Waterhouse does apply in § 1981 cases.

Hardy v. Town of Greenich, 629 F. Supp. 2d 192, 200 (D. Conn. 2009).

Moreover, "[w]here jury instructions create an erroneous impression regarding the standard of liability, it is not harmless error because it goes directly to the plaintiff's claim, and a new trial is warranted."  LNC Investments, Inc. v. First Fidelity Bank, N.A. New Jersey, 173 F.3d 454, 463 (2d Cir. 1999).

Finally, defendant's argument - that the jury would have likely returned a defense verdict regardless of the standard because it found for defendant on plaintiff's workers' compensation claim, which used a mixed-motive standard - misses the mark.  The finding by the jury that plaintiff's workers' compensation claim was not a substantial or motivating factor in his termination does not necessitate a parallel conclusion with regard to plaintiff's Section 1981

retaliation claim.  For example,  defendant argued that its explicit discussion of plaintiff suffering another "injury" was motivated out of genuine concern for plaintiff's health; defendant asserted no similar justification for the significance of plaintiff's complaints about his work environment.  Accordingly, plaintiff's motion for new trial will be granted.

## CONCLUSION

For the above stated reasons, plaintiff's motion for new trial is GRANTED.  The Court will retry this case along with related case  3:11-cv-01076-WWE St. Ange v. Matrix Absence Management, Inc., *et al.*

Dated this 7th day of April, 2015, at Bridgeport, Connecticut.

      /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE