UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRITZ ST. ANGE,                             :
    Plaintiff,                              :
                                            :
v.                                          :        3:10-cv-00079-WWE
                                            :
ASML, INC.                                  :
    Defendant.                              :

### MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR RECONSIDERATION

The Court granted plaintiff a new trial based on the determination that the Court should not have applied a but-for causation standard to plaintiff's Section 1981 retaliation claim. The Court since consolidated this case with a related companion case, 3:11-cv-01076. Defendant has moved the Court to reconsider its decision to grant a new trial, contending that following the Supreme Court's ruling in Nassar, but-for causation is the correct standard to apply to Section 1981 retaliation claims. See University of Texas Southwestern Medical Center v. Nassar, 133 S. Ct. 2517 (2013). Defendant argues that the Court overlooked the holding in Nassar when it adopted plaintiff's "flawed analysis of the case," and granted a new trial. However, after reexamining Nassar, the Court is confident that the Supreme Court's reasoning there does not support the application of but-for causation to plaintiff's Section 1981 claim.

Reconsideration will be granted only if the moving party identifies controlling decisions or data that the court overlooked and that could reasonably be expected to alter the court's decision. See Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. Defendant argues that the Court overlooked controlling law from the Supreme Court in Nassar. As such law might reasonably be expected to alter the Court's decision to grant a new trial, defendant's motion for reconsideration will be granted.

After the Civil War, Congress overcame President Andrew Johnson's veto with a two-thirds majority in each house to pass the Civil Rights Act of 1866.  The Act established the rights of newly freed slaves, in part by granting all persons the same right "to make and enforce contracts . . . as is enjoyed by white citizens . . . ."  42 U.S.C. § 1981.  In 1975, the Supreme Court interpreted Section 1981 to provide a remedy for employment discrimination independent of Title VII.  Johnson v. Railway Express Agency, 421 U.S. 454, 459 (1975).  Today, in addition to supporting claims of racial discrimination, Section 1981 encompasses claims of retaliation based on complaints of racial discrimination.  CBOCS West, Inc. v. Humphries, 553 U.S. 442, 457 (2008).

In 2013, the Supreme Court noted that "the laws at issue in CBOCS [§ 1981], Jackson [Title IX], and Gómez–Pérez [ADEA] were broad, general bars on discrimination. In interpreting them the Court concluded that by using capacious language Congress expressed the intent to bar retaliation in addition to status-based discrimination."  Nassar, 133 S. Ct. at 2530.

**Nassar's But-For Causation Standard**

Defendant argues that, because of the longstanding principle that Section 1981 retaliation claims are analyzed under the same legal principles as Title VII retaliation claims, Nassar's but-for causation standard is equally applicable to Section 1981 retaliation claims.  The Court is not persuaded.  The problems that the Supreme Court highlighted in Nassar when analyzing Title VII do not extend to Section 1981.  Indeed, the Court explicitly distinguished Section 1981 as a basis for applying a different, more demanding causation standard to Title VII retaliation claims.

In Nassar, the Supreme Court analyzed the retaliation provisions of Title VII, determining that unlike status-based discrimination, which is subject to a motivating-factor causation standard, Title VII retaliation claims require the demonstration of but-for causation.  The Court

2

found three major problems with the view that a motivating factor standard applies to Title VII retaliation claims: (1) such a reading is inconsistent with the plain language of the text; (2) such a reading is inconsistent with the structure of Title VII; and (3) Supreme Court precedent interpreting antidiscrimination laws as treating "status based discrimination as also prohibiting retaliation" does not apply to statutes as "precise, complex, and exhaustive as Title VII." Id. None of these concerns is applicable here.  Accordingly, Nassar provides no basis for applying Title VII's causation standard for retaliation to Section 1981 retaliation claims.

First, in Nassar, the Supreme Court focused on the "because of" language in Title VII's antiretaliation provision.  Nassar, 133 S. Ct. at 2528.  The Court found that Title VII's antiretaliation provision's use of the word "because" indicates a but-for causal relationship:

> This enactment, like the statute at issue in Gross, makes it unlawful for an employer to take adverse employment action against an employee "because" of certain criteria. Cf. 29 U.S.C. § 623(a)(1). Given the lack of any meaningful textual difference between the text in this statute and the one in Gross, the proper conclusion here, as in Gross, is that Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action.

Id.

"When conducting statutory interpretation, we must be careful not to apply rules applicable under one statute to a different statute without careful and critical examination." Gross v. FBL Financial Services, Inc., 557 U.S. 167, 174 (2009).  Section 1981 does not contain this "because of" language.  It provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).  Nothing in the language of Section 1981 indicates the propriety of a but-for causation standard.  See Gross, 557 U.S. 167, 175 ("Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose.").  Indeed, a plain reading of the language differences between Title VII and Section 1981 compels the opposite conclusion.  Where race discrimination is a motivating factor in an adverse employment decision, the subject of the discrimination has not enjoyed the same right to the full and equal benefit of the law.

Second, the Supreme Court in Nassar found that Title VII's design and structure indicates that Congress was determined to treat retaliation claims differently from status-based claims.

> As actually written, however, the text of the motivating-factor provision, while it begins by referring to "unlawful employment practices," then proceeds to address only five of the seven prohibited discriminatory actions—actions based on the employee's status, i.e., race, color, religion, sex, and national origin. This indicates Congress' intent to confine that provision's coverage to only those types of employment practices. The text of § 2000e–2(m) says nothing about retaliation claims. Given this clear language, it would be improper to conclude that what Congress omitted from the statute is nevertheless within its scope.

Nassar, 133 S. Ct. 2528.

Section 1981 shares no similar structural separation or design indicating that retaliation claims should be treated differently from status-based claims.  Indeed, "[t]his fundamental difference in statutory structure renders inapposite decisions [like CBOCS] which treated retaliation as an implicit corollary of status-based discrimination."  Nassar, 133 S. Ct. at 2530.

Third, in Nassar, citing Section 1981 as an example, the Supreme Court held that "Congress' enactment of a broadly phrased antidiscrimination statute may signal a concomitant intent to ban retaliation against individuals who oppose that discrimination, even where the

statute does not refer to retaliation in so many words." Id.  The Court held that similar treatment "is inappropriate in the context of a statute as precise, complex, and exhaustive as Title VII." Id.  The Court expressly noted that Section 1981's breadth distinguishes it from Title VII, supporting a broad remedy and a lower motivating factor causation standard for racism under Section 1981.  Accordingly, Nassar did not determine that but-for causation is required for retaliation claims brought pursuant to Section 1981.

Finally, there is a split as to whether Section 1981 provides a remedy for racial discrimination where the defendant would have made the same decision regardless of race.  The Third Circuit has expressly rejected the but-for test for Section 1981 claims.  Brown v. J. Kaz, Inc., 581 F.3d 175, 182 n.5 (3d Cir. 2009) (finding that Price Waterhouse provided the appropriate standard, as the Gross holding was based on the "because of" language in the ADEA, which is absent from Section 1981).[1]  The Ninth Circuit has applied Title VII's mixed-motive provisions to Section 1981 claims.  Metoyer v. Chassman, 504 F.3d 919, 934 (9th Cir. 2007).  In Bonenberger v. St. Louis Metropolitan Police Department, the district court noted that plaintiff can prevail by showing "that race was a motivating factor."  956 F. Supp. 2d 1059, 1066 (E.D. Mo. 2013) (holding that a showing by an employer that it would have made the same decision without the illegitimate criterion merely restricts the plaintiff's available remedies).  Similarly, the district court in Alexander v. MedPoint Prof'l Staffing, LLC found that a motivating factor analysis is appropriate for Section 1981 claims.  2013 WL 3811595, at *4-5 (N.D. Miss. July 22, 2013).

---

[1] "[A]lthough the Civil Rights Act of 1991 amended section 1981 in other ways, it did not make the mixed-motive amendments described above applicable to section 1981 actions. Therefore, Price Waterhouse, and not the 1991 amendments to Title VII, controls the instant case . . . ."

Defendant relies on two Second Circuit summary orders for the proposition that Section 1981 retaliation claims require but-for causation, but neither order explicitly makes such a finding, and summary orders do not have precedential effect.  See Sarkis v. Ollie's Bargain Outlet, 560 Fed. Appx. 27, 30 (2014) (holding that Title VII retaliation claims must be proved according to traditional principles of but-for causation, but not explicitly addressing the Section 1981 claim); Georges v. Peters, 581 Fed. Appx. 80, 81 (finding that plaintiff could not establish a causal nexus between his complaint and his termination, but performing no analysis of the proper causation standard).  The Second Circuit recently held that Section 1981 plaintiffs are "not required to show that the employer's proffered reasons were false or played no role in the employment decision, but only that they were not the only reasons and that the prohibited factor was at least one of the motivating factors."  Garcia v. Hartford Police Dept., 706 F.3d 120, 127 (2d Cir. 2013).  As discussed above, Congress has not demonstrated an intention to treat Section 1981 retaliation claims differently from status-based claims.  Nassar fails to justify reinterpretation of Section 1981, a century-and-a-half-old statute which the Supreme Court did not carefully and critically consider.  See Gross, 557 U.S. at 174.

## CONCLUSION

For the foregoing reasons, defendant's motion for reconsideration is GRANTED. However, the Court adheres to its decision to grant plaintiff a new trial.

Dated this 13th Day of November, 2015, at Bridgeport, Connecticut.

    /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE